UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERY T. DAVIS,
   Plaintiff,

vs.               No. 07-1348

CITY OF BLOOMINGTON, et.al.,
   Defendants

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Jeffery T. Davis, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the McLean County Jail. The plaintiff has named 14 defendants including the City of Bloomington; the Chief of Police, Detective Michael Johnson; Officer M. Krylowicz; McLean County Deputy Clerk Sally Robinson; McLean County Board Member Matt Sorenson; Sheriff Michael Emory, Detention Facility Supervisor Greg Allen; Jail Officers Diane Huges, Melinda Fellner, William Shroder and Dennis Dayton; and John Doe I and II. The plaintiff is suing the defendants in their official and individual capacities.

The plaintiff has divided his complaint into three counts. In Count I, the plaintiff says he was arrested on February 1, 2007 and taken to the McLean County Detention Center. The plaintiff says even though he had already been searched twice by members of the Bloomington Police Department and by jail staff, he was still forced to submit to a strip search. In addition, the plaintiff says the strip search was conducted in a glass observation cell directly across from the glass lobby entrance in view of other officers, female staff and jail visitors. The plaintiff says the search was conducted in retaliation for his previous lawsuits. The plaintiff also states the search was done without a warrant or court order

The plaintiff has stated a violation of his constitutional rights. The defendants did not need to obtain a warrant or court order to conduct the search. *See Illinois v. Lafayette,* 462 U.S. 640, 645-6 (1983). Nonetheless, pretrial detainees such as the plaintiff still retain "the Fourth Amendment protection against unreasonable searches and seizures, which are subject to limitations based on the fact of confinement and the institutions need to maintain security and order." *Calvin v. Sheriff of Will County,* 405 F. Supp. 2d 933, 938 (N.D. Ill. 2005). The plaintiff has alleged a violation of his Fourth Amendment rights based on the reasonableness of the search.

1

The plaintiff has also stated a violation of his First Amendment rights since he claims the search was done in retaliation for previous lawsuits. Unfortunately, the plaintiff's complaint does not specify which defendants conducted the search. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). A supervisor cannot be held liable for the errors of his subordinates simply because he is the supervisor. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Therefore, the court will give the pro se plaintiff additional time to clarify this claim. The plaintiff must state which defendants directly participated in the strip search. The plaintiff must also clarify if he is alleging that the jail has a policy of strip searching all inmates.

In Count Two of his complaint, the plaintiff alleges that he mailed a "42 U.S.C. 1983 civil rights complaint" to the Clerk of the Court for McLean County. He says his complaint was not filed. Instead, he received a letter from Circuit Clerk Sally Robinson who stated that she was returning his complaint and that she had been advised by the Chief Judge not to file the complaint.

The plaintiff has failed to state a violation of his constitutional rights. A state court is not the proper place to file a federal §1983 lawsuit even if the plaintiff alleges his lawsuit also contained some state claims. In addition, "where a clerk's actions are taken pursuant to a Judge's instructions, the clerk is protected from liability under the doctrine of quasi-judicial immunity." *Neuman v. U.S.,* 2007 WL 4105006 at 2 (S.D. Ill. Nov. 15, 2007; *see also Kincaid v. Vail,* 969 F.2d 594, 595-96 (7th Cir. 1992) (Clerk not liable when clerk improperly returned complaint at direction of judge). The court will dismiss this claim and Defendant McLean County Deputy Clerk Sally Robinson.

In Count III of his complaint, the plaintiff says his legal mail was destroyed on August 28, 2007. The plaintiff does not specify what legal mail was involved, but states that it held "material relevance to the plaintiff's federal civil rights complaint #05-1238." (Comp., p. 4)

The plaintiff says the action was taking in retaliation for his previous litigation. The plaintiff again does not say who destroyed his legal mail but says it was at the direction of the County Board, the Sheriff and the Jail Supervisor. Again, the plaintiff must state specifically who was involved in the destruction of his mail. The plaintiff should also clarify what legal mail was destroyed.

Finally, the plaintiff in the title of his complaint states that he is suing for violations of his constitutional rights and "state law," but has failed to articulate any state law claims.

The court has conducted a merit review of the plaintiff's complaint. It appears the plaintiff has stated a violation of his Fourth and First Amendment rights. However, the plaintiff has not clearly stated which defendants were responsible for his allegations. Rule 8 of the Federal Rules of

Civil Procedure requires that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) The plaintiff must clearly state what each defendant did in order for this case to proceed. The plaintiff should also identify each defendant by name as well as title.

**IT IS THEREFORE ORDERED:**

**1)  The court has conducted a merit review of the plaintiff's complaint.   Before the complaint can be served upon the defendants, the plaintiff must clarify his claims.   The plaintiff must file a document which answers the following questions:**

    **a) Who conducted the strip search of the plaintiff on February 1, 2007 at the McLean County Detention Center?**

    **b) Does the plaintiff maintain that similar strip searches are conducted on other inmates and this is a policy of the McLean County Detention Center?**

    **c) Who destroyed the plaintiff's legal mail on August 28, 2007?**

    **d) What mail was destroyed and did it have any impact on the plaintiff's litigation?**

**2) The plaintiff must file a response to the above questions on or before February 22, 2008.   If the plaintiff fails to respond to the court's order, his lawsuit may be dismissed.**

**3) The clerk of the court is directed to dismiss Defendant Sally Robinson for failure to state a claim upon which relief can be granted.**

**4) The court will enter a final merit review order stating all claims and defendants after the plaintiff provides more information concerning the defendants' involvement in his claims.**

    Entered this   _29th_   Day of January, 2008.


                      s\Harold A. Baker
          _____
                      HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE