UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERY T. DAVIS,
   Plaintiff,

vs.                                                                 No. 07-1348

CITY OF BLOOMINGTON, et.al.,
   Defendants

CASE MANAGEMENT ORDER #1

      This cause is before the court for consideration of the plaintiff's motion to supplement his complaint. [d/e 7]

      The plaintiff, Jeffery T. Davis, filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the McLean County Jail. The plaintiff's original complaint named 14 defendants including the City of Bloomington; the Chief of Police, Detective Michael Johnson; Officer M. Krylowicz; McLean County Deputy Clerk Sally Robinson; McLean County Board Member Matt Sorenson; Sheriff Michael Emory, Detention Facility Supervisor Greg Allen; Jail Officers Diane Huges, Melinda Fellner, William Shroder and Dennis Dayton; and John Doe I and II.

      The court attempted to conduct a merit review of the plaintiff's complaint, and found the plaintiff had stated the following claims:

      1) the defendants violated his Fourth Amendment rights with an unreasonable strip search after his arrest on February 1, 2007, and
      2) the defendants violated the First Amendment when they conducted the strip search in retaliation for previous lawsuits.

      However, the court also found some other allegations did not state a violation of his constitutional rights and some claims were too vague to decipher. Most importantly, the plaintiff had failed to state which defendants were responsible for the allegations in his complaint. The court gave the plaintiff additional time to clarify his claims and posed specific questions for the plaintiff to answer. In addition, the court dismissed Defendant McLean County Deputy Clerk Robinson for failure to state a claim upon which relief could be granted. *See* January 29, 2008 Court Order.

      The court clearly admonished the plaintiff that a defendant could not be held liable under 42 USC §1983 unless the plaintiff could demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). The

plaintiff was also advised that a supervisor could not be held liable for the errors of his subordinates simply because he was the supervisor. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

The plaintiff has now filed a response to this court order with his motion to supplement his complaint. Although the court does not normally allow piecemeal amendments to a complaint, in this case the plaintiff is responding to a court order. The court will conduct a merit review pursuant to 28 U.S.C. §1915A of all of the plaintiff's intended claims in both his original and supplemental complaints.

The plaintiff says that the unreasonable search on February 1, 2007, was conducted by Defendants Krylowicz, Shroder and Dayton. The plaintiff says he is not claiming this search was a standard practice or custom at the McLean County Jail. Instead, the plaintiff says he was singled out due to his past lawsuits. (Plain. Memo, p. 1-2). The plaintiff further states he is claiming the unreasonable strip search was a violation of the Illinois State Constitution. The plaintiff has not adequately alleged any other violation of state law. [1]

The plaintiff claims he can demonstrate that Defendants City of Bloomington, Chief of Police, Police Officer Michael Johnson, Sheriff Emory, Supervisor Greg Allen, Officer Diane Huges, and Inmate Service Representative Melinda Fellner were also responsible for the unconstitutional search. The plaintiff does not explain further.

First, the City of Bloomington can not be a defendant in this case because the plaintiff has not stated an official capacity claim. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). Second, the basis of the plaintiff's claim is a single strip search. Unless these defendants were directly involved in the strip search, ordered that it take place or were in some other way aware that it was taking place on February 1, 2007, they are not proper defendants. Nonetheless, for the purposes of notice pleading, the court finds that the plaintiff has stated a claim against these defendants.

The plaintiff admits he does not have a claim against McLean County Board Member Matt Sorenson, so the court will dismiss this defendant.

The plaintiff also alleges that John Doe #1 (Officer Jennifer Router) and John Doe #2 (Officer Kenneth Pacha) destroyed his legal mail on August 29, 2007. The plaintiff says Defendants Emory, Huges, Allen and Fellner were aware of the destruction of his legal mail and failed to stop it. The plaintiff was asked to answer the following question: "What mail was destroyed and did it have any impact on the plaintiff's litigation?" *See* January 29, 2008 Court Order. The plaintiff says in Case No. 05-1238, *Davis v. Owens,* he had requested that defense

---

[1]The strip search provision of 725 ILCS 5-301 does not apply when the individual is taken into custody. 725 ILCS 5-301(j).

counsel send him a copy of his X-rays in order to support his Eighth Amendment claim. However, when the documents were sent, the plaintiff says the defendants destroyed them. The plaintiff says since he did not have the X-rays to bolster his claims, the court dismissed this Eighth Amendment claim against some defendants on September 28, 2007. In addition, the plaintiff says the defendants knew the documents were coming and destroyed them in retaliation for his pending litigation.

The court notes that Case No. 05-1238, *Davis v. Owens*, is still pending before this court. The plaintiff should have access to his own medical records and fails to state why defense counsel was his only avenue for obtaining this information. More importantly, the court record demonstrates that the X-rays did not support the plaintiff's claims. In its summary judgement motion, the court noted that X-rays were taken of the plaintiff at an outside hospital. The doctor stated that none of the X-rays showed any fractures to the plaintiff and a copy of the X-ray were in fact provided to the plaintiff by the doctor. *See* September 28, 2007 Court Order, p. 5. The plaintiff has not stated a claim that he was denied meaningful access to the courts, because he cannot show that the destruction of his documents impacted this lawsuit. Nonetheless, the plaintiff claims the defendants purposefully destroyed his mail in retaliation for his previous lawsuits. The plaintiff has stated a violation of his First Amendment rights.

Finally, the court notes that the plaintiff has not identified the Bloomington Police Chief as required by the court. To prevent further delays, the court will add the name of the current chief, Roger Aiken.

**IT IS THEREFORE ORDERED BY THE COURT that:**

**1) The plaintiff's motion to supplement his original complaint is granted in part and denied in part as outlined in this order. [d/e 7]**

**2) The plaintiff's motion to voluntarily dismiss Defendant Matt Sorenson is granted.**

**3) The Clerk of the Court is directed to dismiss Defendants John Doe #1 and John Doe #2 and replace those defendants with McLean County Jail employees Officer Jennifer Router and Officer Kenneth Pacha. The Clerk of the Court is also directed to clarify the record that the Bloomington Chief of Police is Roger Aiken.**

**4) The court has finalized its merit review of the plaintiff's original and supplemental complaints [d/e 1, 7] pursuant to 28 U.S.C. Section 1915A and finds that the plaintiff states the following claims:**

**a) Defendants Krylowicz, Shroder, Dayton, Aiken, Johnson, Emory, Allen, Huges, and Fellner violated his Fourth Amendment rights and the Illinois Constitution with an unreasonable search after his arrest on February 1, 2007. The plaintiff says he**

      **had already been searched and this additional strip search was conducted in a glass observation cell directly across from the lobby entrance; and**
      **b) Defendants Krylowicz, Shroder, Dayton, Aiken, Johnson, Emory, Allen, Huges, and Fellner violated the First Amendment when the strip search was conducted in retaliation for previous lawsuits.**
      **c) Defendants Router, Pacha, Emory, Huges, Allen and Fellner violated the plaintiff's First Amendment rights when they destroyed mail in retaliation for previous lawsuits.**
      **The claims are against the defendants in their individual capacities only.**

**5) All other claims based on federal or state law, other than those set forth in paragraph (4) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. <u>The Clerk of the Court is directed to dismiss Defendant City of Bloomington</u>.**

**6) This case shall proceed solely on those claims identified in paragraph (4) above. Any claims not set forth in paragraph (4) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**7) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**8) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**9) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

      Entered this 28th Day of August, 2008.

                                           s\Harold A. Baker
                            _____
                                      HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE